IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

JOHN WAYNE DILLARD, III                                                                  PLAINTIFF
ADC # 147484

v.                                      2:22CV00102-BSM-JTK

DAWN LEE TANNER, et al.                                                              DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

**I.   Introduction**

John Wayne Dillard, III ("Plaintiff") is confined in the East Arkansas Regional Unit ("EARU") of the Arkansas Division of Correction ("ADC"). He filed this pro se action under 42 U.S.C. § 1983 against 22 individuals—including a fellow inmate, ADC officials, and medical providers—in their personal and official capacities. (Doc. No. 2).

On June 29, 2022, the Court screened Plaintiff's Complaint pursuant to the Prison Litigation Reform Act ("PLRA"). (Doc. No. 11). The Court found that Plaintiff's Complaint failed to state a claim on which relief may be granted and explained why. (Id.). Plaintiff was given the chance to file a superseding Amended Complaint to cure the defects in his pleading.

(Id.). Plaintiff has filed his Amended Complaint. (Doc. No. 12). The Court will continue screening Plaintiff's claims pursuant to the PLRA.

**II.      Screening**

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

**III.     Analysis**

Plaintiff sued numerous Arkansas Division of Correction officials along with medical care providers. In his Amended Complaint, Plaintiff alleges that Defendants Lay, Dycus, Branch, Randall, Kelly, Sykes, Westbrook, C. Smith, and Woods knew inmate D. Tanner's "sexual PREA history," but failed to protect Plaintiff from Inmate Tanner. (Doc. No. 12 at 1). Plaintiff claims Defendants G. Smith, Williams, Brown, Busty, Washington, Leak, and Barnett "failed to follow

up on mental stability and counsel Plaintiff (victim) to help prevent possible self-inflicted harm . . . ." (Id.). Plaintiff named Dawn Tanner, Dexter Payne, F. Cobb, B. King, W. Straughn, and Does as Defendants in his Complaint, but made no allegations against them in his Amended Complaint.

Plaintiff's Amended Complaint fails to state a claim on which relief may be granted.

Plaintiff sued Defendants in their "professional capacities." (Id. at 2) ("Plaintiff seeks to sue each Defendant for Professional Capacity Only."). Plaintiff did not indicate in his Amended Complaint that he intended to sue any Defendant in his or her individual capacity. "If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity." Artis v. Francis Howell N. Band Booster Ass'n, Inc., 161 F.3d 1178, 1182 (8th Cir.1998). Accordingly, Plaintiff's Amended Complaint raises only official capacity claims.

Plaintiff seeks damages only. (Doc. No. 12 at 2). "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). Accordingly, Plaintiff's official capacity claims against the ADC Defendants are the equivalent of claims against the state of Arkansas and are barred by the Eleventh Amendment. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). As such, Plaintiff's official capacity claims against the ADC Defendants should be dismissed.

Plaintiff also sued "mental health staff members." (Doc. No. 12 at 1). Plaintiff's official capacity claims against any individuals employed by a third-party employer are the equivalent of claims against that employer. See Sanders v. Sears, Roebuck & Co., 984 F.2d 972, 975-76 (1993). To state a claim against the employer, Plaintiff would have had to plead that a policy or custom of the employer was the driving force behind the violation of Plaintiff's rights. See Id. Because

3

Plaintiff has not done so, Plaintiff failed to state a claim against any individual employed by a third party providing services at the ADC.

When given the chance to file an Amended Complaint, Plaintiff was advised that "[a]n amended complaint 'ordinarily supersedes the original and renders it of no legal effect.'" In Home Health, Inc. v. Prudential Ins. Co. of America, 101 F.3d 600, 603 (8th Cir. 1996) (internal citations omitted). As mentioned above, Plaintiff did not include claims against Defendants Dawn Tanner, Dexter Payne, F. Cobb, B. King, W. Straughn, and Does in his superseding Amended Complaint. As such, there are no pending claims against these Defendants.

***

**The Court notes that Plaintiff may file objections to this Recommendation. If Plaintiff intended to make claims against Defendants in their personal capacity, Plaintiff should explain that in any objections he wishes to file.**

IV.   Conclusion

IT IS, THEREFORE, RECOMMENDED that

   1.   This action be DISMISSED without prejudice for failure to state a claim on which relief may be granted.

   2.   The Court recommend[1] that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

---

[1] The number of strikes a plaintiff has accrued may be determined only by looking backwards to past dismissals; 28 U.S.C. § 1915(g) leaves the effective decision to the later tribunal. Gonzalez v. United States, 23 F. 4th 788, 789-91 (8th Cir. 2022).

[2] Title 28 U.S.C. § 1915(g) provides as follows:  "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

3.     The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting these recommendations and accompanying Judgment would not be taken in good faith.

Dated this 1st day of August, 2022.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE